JUDGE ENGELMAYER

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**14 CV 2571**

---

JOSE PEREZ,

                              Plaintiff,

        -against-

CITY OF NEW YORK, BRENDAN REILLY,
Individually, WILLIAM DOOLEY,
Individually, and JOHN DOE 1 through 5,
Individually, (the names John Doe being
fictitious, as the true names are presently
unknown),

                              Defendants.

---

**COMPLAINT**

Docket No.

**Jury Trial Demanded**



RECEIVED
APR 11 2014
U.S.D.C. S.D.N.Y.

Plaintiff JOSE PEREZ, by his attorney, The Trainor Law Firm, P.C., complaining of the

defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages, and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, which

are secured by these statutes and the Constitutions of the United States and the State of New

York.  Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2.      Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      This Court has jurisdiction to hear all claims in this matter pursuant to 28 U.S.C.

§§ 1331, 1343, and 1367.

## VENUE

4.     Venue is properly laid in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury on all issues in this matter pursuant to Federal Rule of Civil Procedure 38(b).

## PARTIES

6.     Plaintiff JOSE PEREZ is a twenty-year old American male of Hispanic origin who resides in New York, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the CITY OF NEW YORK.

9.     At all times hereinafter mentioned, the individually named defendants, BRENDAN REILLY (Shield No. 9343), WILLIAM DOOLEY (Shield No. 12614), and JOHN DOE 1 through 5, were duly sworn police officers of the NYPD and were acting under the supervision of the NYPD and according to their official duties.

10.     At all times hereinafter mentioned, upon information and belief, the individually named defendant JOHN DOE 1 was a duly sworn Lieutenant and supervisor of the NYPD and acting according to his official duties with the NYPD; and, as a Lieutenant, he was the highest ranking uniformed officer with supervisory responsibilities at all times relevant to these events,

2

and an NYPD policy maker with respect to the matters complained of herein.

11.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State of New York and/or the CITY OF NEW YORK.

12.     Each and all of the defendants' acts alleged herein were done by these defendants while acting within the scope of their employment with Defendant CITY OF NEW YORK.

## FACTS

13.     On August 30, 2013, at approximately 2:20 a.m., Plaintiff Jose Perez was lawfully present in the vicinity of 509 West 159th Street, New York, New York, when Defendants Brendan Reilly, William Dooley, and John Doe 1 through 5, without any lawful justification whatsoever, accosted him, demanded his identification, and illegally arrested and unlawfully imprisoned him.

14.     Before, during, and after the defendants illegally seized him, Mr. Perez committed no crime or offense.  Likewise, at all times relevant to these events, Mr. Perez was not behaving in a manner that would suggest to any reasonable police officer that Mr. Perez had done anything unlawful.

15.     Upon accosting Mr. Perez, upon information and belief, Defendant Reilly asked Mr. Perez for his identification.  When Mr. Perez inquired as to why, Defendant Reilly falsely claimed, in sum and substance, that Mr. Perez was blocking pedestrian traffic regarding entry into the building located at 509 West 159th Street.

16.     At all times relevant to these events, however, Mr. Perez was on the sidewalk, away from the building's doorway, and at no time was he in front of or at the building's

3

doorway.  Therefore, Defendant Reilly could not and did not observe Mr. Perez in front of or at the building's doorway, nor could he or did he observe Mr. Perez blocking pedestrian traffic. Mr. Perez was with a friend who lived in 509 West 159th Street, and they were waiting for this friend's wife, who was in their apartment in the building, to come downstairs.

17.     Nevertheless, Mr. Perez complied with Defendant Reilly's request for his identification and gave it to Defendant Reilly.   Thereafter, despite lacking probable cause, reasonable suspicion, and having no justification whatsoever, Defendants Reilly, Dooley, and John Doe 1, who, upon information and belief, is an NYPD Lieutenant, unlawfully arrested Mr. Perez, handcuffed him, placed him in an NYPD vehicle, and transported him to an NYPD Precinct, where he remained unlawfully imprisoned.

18.     Upon processing Mr. Perez's arrest at the Precinct, the defendants transported Mr. Perez to the Manhattan Detention Complex, where he remained unlawfully imprisoned until he was brought before the New York County Criminal Court for arraignment on the baseless charges filed under docket number 2013NY067380.  These charges were filed based upon the false allegations of Defendant Reilly.   Moreover, Defendant Reilly knowingly created the underlying false information and forwarded this information to the District Attorney's Office knowing that this information would be used against Mr. Perez at trial.

19.     In the very late hours of August 30, 2013, Mr. Perez was arraigned on the false charge of violating New York Penal Law § 240.20(5), Disorderly Conduct.  Upon Mr. Perez's arraignment, the presiding Criminal Court judge released Mr. Perez on his own recognizance.

20.     Prior to his release at arraignment, Mr. Perez spent approximately twenty-one (21) hours falsely imprisoned.

21.     Defendants Reilly, Dooley, and John Doe 1 through 5 initiated criminal

4

proceedings against Mr. Perez despite their knowledge that they lacked probable cause, reasonable suspicion, or any justification whatsoever to do so.

22.     The defendants initiated this prosecution with malice, and otherwise caused this prosecution to be commenced against Mr. Perez for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their aforementioned abuse of authority and unlawful activity.

23.     This malicious prosecution compelled Mr. Perez to return to Court to face this false charge on October 4, 2013, when, on this date, the New York County Criminal Court dismissed the case outright and ordered it sealed.

24.     All of the events leading up to and culminating in Mr. Perez's false arrest occurred while other NYPD officers, including, but not limited to, the individually named defendants, either participated in or failed to intervene in the illegal conduct described herein.

25.     All of the above occurred as a direct result of the unconstitutional policies, customs, or practices of Defendant CITY OF NEW YORK, including, but not limited to, the inadequate screening, hiring, retaining, training, promoting, compensating, disciplining, and supervising of its employees.

26.     The underlying false arrest, denial of the right to fair trial, and malicious prosecution is not an isolated incident. Defendant CITY OF NEW YORK is aware, from lawsuits, notices of claims, press accounts, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board, that many NYPD officers, including the defendants, abuse their authority and are insufficiently trained regarding the legal basis required for stops and searches, what constitutes probable cause for an arrest, and that they repeatedly arrest completely innocent individuals on sham charges of

5

violating New York Penal Law § 240.20, Disorderly Conduct, and engage in falsification to that end.

27.     Defendant CITY OF NEW YORK is further aware that such conduct and improper training has often resulted in a deprivation of civil rights.  Despite such notice, Defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the defendants to violate Mr. Perez's civil rights.

28.     Moreover, upon information and belief, Defendant CITY OF NEW YORK was aware, prior to this incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, Defendant CITY of NEW YORK has retained these officers and failed to adequately train and supervise them.

29.     As a result of the foregoing, Plaintiff JOSE PEREZ has sustained, among other damages, mental injuries, emotional distress, embarrassment, humiliation, fear and fright, and deprivation of his constitutional rights and liberty.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

30.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31.     All of the aforementioned acts of the defendants, their agents, servants, and employees were carried out under the color of state law.

32.     All of these aforementioned acts deprived Plaintiff JOSE PEREZ of the rights, privileges, and immunities guaranteed to United States citizens by the Fourth and Fourteenth

6

Amendments to the United States Constitution and were in violation of 42 U.S.C. § 1983.

33.     The acts complained of were carried out by the individual defendants in their capacity as police officers, with the entire actual and/or apparent authority attendant thereto.

34.     The acts complained of were carried out by the individual defendants in their capacity as police officers, pursuant to the customs, usages, practices, procedures, and the rules of Defendant CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of the NYPD.

35.     The defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

36.     As a result of the foregoing, Plaintiff JOSE PEREZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

37.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     The defendants arrested Plaintiff JOSE PEREZ without probable cause or legal privilege, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

39.     The defendants caused Plaintiff JOSE PEREZ to be falsely arrested and unlawfully imprisoned, resulting in Plaintiff being put in fear for his safety, humiliated,

embarrassed, afraid, and deprived of his liberty.

40.     As a result of the foregoing, Plaintiff JOSE PEREZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Denial of the Right to Fair Trial under 42 U.S.C. § 1983)

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     The defendants falsified the information against Plaintiff JOSE PEREZ likely to influence a jury's decision and forwarded this false information to the District Attorney's Office for use in the underlying prosecution of Plaintiff.

43.     The defendants caused Plaintiff JOSE PEREZ to be prosecuted upon the false information that they submitted to the District Attorney's Office until all of the charges against Plaintiff were dismissed outright on October 4, 2013.

44.     As a result of the foregoing, Plaintiff JOSE PEREZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

45.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     The defendants initiated, commenced, and continued a malicious prosecution

8

against Plaintiff JOSE PEREZ.

47.     The defendants misrepresented and falsified the information that they presented to the District Attorney's Office in order to prosecute Plaintiff JOSE PEREZ.

48.     The defendants did not make a complete and full statement of facts to the District Attorney's Office in the underlying prosecution.

49.     The defendants caused Plaintiff JOSE PEREZ to be prosecuted without any probable cause until all of the charges against him were dismissed outright on October 4, 2013, resulting in a favorable termination for Plaintiff.

50.     As a result of the foregoing, Plaintiff JOSE PEREZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     The defendants issued criminal process against Plaintiff JOSE PEREZ by causing his arrest and then prosecution in New York County Criminal Court.

53.     The defendants caused Plaintiff JOSE PEREZ to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated Plaintiff's right to be free from malicious abuse of process.

54.     As a result of the foregoing, Plaintiff JOSE PEREZ is entitled to compensatory

9

damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

55.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     The defendants had an affirmative duty to intervene on behalf of Plaintiff JOSE PEREZ, whose constitutional rights were being violated in their presence by other officers, including, but not limited to, the individual defendants.

57.     The defendants failed to intervene to prevent the unlawful conduct described herein despite having every opportunity to do so.

58.     As a result of the foregoing, Plaintiff JOSE PEREZ was subjected to false arrest, denial of his right to a fair trial, malicious prosecution, his liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing, other physical restraints, and ultimately an extended period of imprisonment.

59.     As a result of the foregoing, Plaintiff JOSE PEREZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

60.     All of the foregoing acts by defendants deprived Plaintiff JOSE PEREZ of federally protected rights, including, but not limited to, the right:

A.      To be free from deprivation of liberty without due process of law;

        B.      To be free from false arrest/unlawful imprisonment;

        C.      To be free from denial of the right to a fair trial;

        D.      To be free from the failure to intervene;

        E.      To be free from malicious prosecution; and

        F.      To be free from malicious abuse of process.

61.     As a result of the foregoing, Plaintiff JOSE PEREZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## STATE LAW CLAIMS

62.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     Within ninety (90) days after the claim herein accrued, Plaintiff duly served upon, presented to, and filed with, the CITY OF NEW YORK, a Notice of Claim setting forth all the facts and information required under the General Municipal Law 50-e.

64.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof, and more than thirty (30) days have elapsed since the presentation of such claim to the CITY OF NEW YORK.

65.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

66.     Plaintiff has complied with all conditions precedent to maintaining this action.

67.     This action falls within one or more of the exceptions outlined in CPLR § 1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

68.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     As a result of the defendants' conduct, Plaintiff JOSE PEREZ was placed in apprehension of imminent harmful and offensive bodily contact.

70.     As a result of the defendants' conduct, Plaintiff JOSE PEREZ has suffered pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

71.     As a result of the foregoing, Plaintiff JOSE PEREZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

72.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     The defendants made offensive contact with Plaintiff JOSE PEREZ by forcibly touching him, handcuffing him, physically detaining him, and searching him without legal privilege or consent.

74.     As a result of the defendants' conduct, Plaintiff JOSE PEREZ has suffered pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

75.     As a result of the foregoing, Plaintiff JOSE PEREZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs,

and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

76.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     The defendants arrested Plaintiff JOSE PEREZ without probable cause or legal privilege.

78.     The defendants detained Plaintiff against his will for an extended period of time and subjected him to physical restraints.

79.     As a result of the defendants' conduct, Plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

80.     As a result of the foregoing, Plaintiff JOSE PEREZ has suffered pain and mental injury, together with shock, fright, apprehension, embarrassment, humiliation, and loss of freedom.

81.     As a result of the foregoing, Plaintiff JOSE PEREZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

82.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     The defendants initiated, commenced, and continued a malicious prosecution against Plaintiff JOSE PEREZ.

13

84.     The defendants caused Plaintiff JOSE PEREZ to be prosecuted without probable cause until all of the charges against him were dismissed on October 4, 2013, resulting in a favorable termination for Plaintiff.

85.     As a result of the defendants' conduct, Plaintiff JOSE PEREZ has suffered pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

86.     As a result of the foregoing, Plaintiff JOSE PEREZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

87.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     The defendants issued criminal process against Plaintiff JOSE PEREZ by causing him to be arrested, arraigned, and prosecuted in New York County Criminal Court.

89.     The defendants caused Plaintiff JOSE PEREZ to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority and unlawful activity.

90.     As a result of the defendants' conduct, Plaintiff JOSE PEREZ has suffered pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

91.     As a result of the foregoing, Plaintiff JOSE PEREZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs,

and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(*Respondeat Superior* liability under the laws of the State of New York)

92.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

94.    As police officers with the NYPD, the individual defendants were employees of Defendant CITY OF NEW YORK and were acting within the scope of their employment when they engaged in the wrongful conduct described herein.

95.    As a result of the defendants' conduct, Plaintiff JOSE PEREZ has suffered pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation, and an extended period of unlawful imprisonment and deprivation of his liberty.

96.    As a result of the foregoing, Plaintiff JOSE PEREZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff JOSE PEREZ demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as the Court deems just and proper.

Dated: New York, New York
         April 11, 2014

                                   Respectfully submitted,

                                   **THE TRAINOR LAW FIRM, P.C.**
                                   419 Lafayette Street, 2nd Floor
                                   New York, New York 10003
                                   (212) 300-6557

                                   By:    _____
                                          CRAIG TRAINOR (CT 1823)

                                   Attorney for Plaintiff JOSE PEREZ

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOSE PEREZ,

                    Plaintiff,

      -against-

CITY OF NEW YORK, BRENDAN REILLY,
Individually, WILLIAM DOOLEY, Individually,
and JOHN DOE 1 through 5, Individually, (the
names John Doe being fictitious, as the true
names are presently unknown),

                    Defendants.

---

Docket No.

# COMPLAINT

**THE TRAINOR LAW FIRM, P.C.**
Attorney for Plaintiff
419 Lafayette Street, 2nd Floor
New York, New York 10003
(212) 300-6557